

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 30 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Scott, et al

versus

Perma-Pipe, Inc.

Civil Action No. 15-01715

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is a Motion to Remand filed by plaintiffs, Kevin Joseph Scott ("Scott") and Carlar Marie Alexander Scott, (sometimes referred to as "Plaintiffs") [Rec. Doc. 5] and defendant, Perma-Pipe, Inc.'s ("Perma") opposition thereto [Rec. Doc. 7]. Oral argument is not necessary. For the reasons that follow, the Court will grant plaintiff's motion.

*Background*

This case arises out of a work related incident that occurred on November 23, 2013 in Iberia Parish, Louisiana. On October 8, 2014, plaintiffs filed suit against Perma in the Sixteenth Judicial District Court, Parish of Iberia alleging Scott sustained injuries when he was "crushed by equipment" located on Perma's facility. R. 1-2, p. 1, ¶ 4. Scott alleged he "sustained severe, permanent and disabling physical and mental injuries, including without limitation, injuries to his head, neck, back, pelvis, internal organs, mind, body, joints, ligaments, scarring and/or disfigurement" and that he suffered the following damages as a result of his injuries: past and future medical expenses, lost earnings and earning capacity, and other costs. *Id. p. 2.* Carlar Scott, Scott's wife and named plaintiff, alleged she "sustained a loss of consortium, society, companionship and services of her husband" as a result of the injuries her husband sustained. *Id. p. 3.* After being served with the Petition, Perma filed an Exception and Answer and Plaintiffs filed an opposition thereto on January

7, 2015. *Id., p. 40* In their Opposition, Plaintiffs stated, "the plaintiff was crushed by the defendant's equipment and sustained serious injury." *Id.*

On March 31, 2015, Scott's employer, Advantage Human Resourcing, Inc., ("Advantage") filed and served on all counsel, including Perma, a Motion for Leave to File a Petition of Intervention with the Petition of Intervention attached thereto. *R. 1-2, pp. 70-75.* The Petition of Intervention stated that Scott "was crushed by equipment while in the course and scope of his employment" and that Advantage had paid indemnity benefits in the amount of $16,937.26 and medical benefits in the amount of $173,111.73. *Id, pp. 73-75.* At the time the Petition of Intervention was filed into the record, counsel for Advantage certified that all parties, including Perma, had been served "either by hand delivery, facsimile transmission, electronic transmission (e-mail), or by placing same in the United States mail, properly addressed and postage prepaid." *Id.*

On April 10, 2015, the state court granted the Motion For Leave and issued an order allowing Advantage to file its Petition of Intervention into the record. *Id. p. 80-82.* The Petition of Intervention was formally served to Perma on April 20, 2015. *Id. p. 85.* Thereafter, on May 18, 2015, Perma removed the action asserting that this Court has jurisdiction under 28 U.S.C. 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. *Id. p.76-80.*

*Analysis*

Plaintiffs contend Perma's Notice of Removal was untimely because it was filed more than 30 days after Perma was initially served with the Petition of Intervention as an attachment to the Motion for Leave to File a Petition of Intervention on March 31, 2015. Perma argues under § 1446(b) the 30-day removal deadline did not begin to run until it was formally served the Petition of Intervention on April 28, 2015. As the Notice of Removal was

filed on May 18, 2015, Perma asserts the removal was timely. Thus, the issue before the Court is at what point after the petition was filed Perma could first ascertain that the damage value of Plaintiffs' claims exceeded seventy-five thousand dollars ($75,000.00) so that this action could be removed to federal court.

Title 28 U.S.C. § 1446(b) details the documents which trigger the time limits for notices of removal and provides in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ....
>
> . . .
>
> (3) ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

Here, Perma contends the petition failed to affirmatively reveal on its face that Plaintiffs were seeking damages in excess of the minimum jurisdictional amount of the federal court.[1] Thus, as § 1446(b)(1) does not apply, the Court must look to Section 1446(b)(3) which provides for the removal of actions that were not removable based on the initial pleading but later become removable. That Section states that the defendant may remove the case within thirty days from the time the defendant receives *"service or otherwise, of a copy of* an amended pleading, *motion, order, or other paper* from which it may be ascertained that the case is one which is or has becomes removable..." § 1446(b)(3). "Under 28 U.S.C. § 1446(b)(3) (known as the 'voluntary-involuntary rule'), a case that is not

---

[1] As Plaintiffs do not dispute Perma's contention, the Court will assume for purposes of this motion that the amount in controversy was not facially apparent on the petition.

initially removable can become so by a voluntary act of the plaintiff through an amended pleading, motion, or other paper that gives the defendant notice of the changed circumstances which support federal jurisdiction." *Gonzales South Texas Elec. Corp. v. Jeffrey C. Stone, Inc.*, 2014 WL 7072437, 2 (S.D.Tex.,2014) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000)).

Perma contends it was not apparent that this case was removable until April 20, 2015, when it was served with citation and copy of the Motion For Leave to File Petition of Intervention.[2] The record provides that a "Certificate of Service" stamped on the Motion For Leave To File Petition Of Intervention, *R. 1-2, p. 79*, and on the Petition of Intervention (attached to the Motion), *Id. at p. 75*, indicates copies of each were submitted to Perma by Advantage on March 31, 2015. The record further provides that the state court judge granted the Motion For Leave and filed the attached Petition of Intervention into the record on April 10, 2015. *Id. at pp. 79, 82.* Contrary to Perma's contention that the statute requires service of the Petition of Intervention, because the Petition of Intervention is not the "initial pleading," only notice of the Petition of Intervention was required. Perma clearly received such notice before April 18, 2015 and the Notice of Removal on May 18, 2015 was filed more than thirty (30) days later, making Perma's removal untimely.

Even assuming *arguendo* that Perma's removal was timely, the Fifth Circuit has repeatedly held that a case not removable as initially pled may become removable under § 1446(b)(3) only through a voluntary act by the plaintiff. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) ("The Fifth Circuit has indicated that the 'other paper' conversion requires a voluntary act by the plaintiff.") (citing *Gaitor v. Peninsular &*

---

[2] The record indicates that citation and copy of the Motion was stamped with "Sheriff's Return" by the Lafayette Parish Sheriff's Office on April 27, 2015. *Id. at p. 91.*

*Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir.1961)); *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1967) (holding that the enactment of § 1446(b), identical in relevant part to the current provision, did not affect the rule developed by prior case law that "a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff"). The intervention of Advantage was not a voluntary act by Plaintiffs, and cannot provide a basis for Perma's removal. *See Benson v. Benson,* 2015 WL 3622335, 4 (W.D.Tex.,2015).

Accordingly,

**IT IS ORDERED** that the Motion to Remand [Rec. Doc. 5] filed by plaintiffs, Kevin Scott and Carlar Scott, is **GRANTED** and the Clerk of this Court is to remand this action to the Sixteen Judicial District Court, Parish of Iberia, Louisiana.

**THUS DONE AND SIGNED** this 30th day of July, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
U.S. District Judge